IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


GARY DAVID NERO,

        Appellant,

 v.                                    Case No.  5D16-4038

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 5, 2017

3.800 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Brittany N. O'Neil, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

In this postconviction proceeding, Appellant challenges the order denying his

Florida Rule of Criminal Procedure 3.800(a) motion on three grounds, only one of which

merits discussion. In his third claim, Appellant argued that the trial court's "ORDER OF

SEX OFFENDER PROBATION" was illegal because he was not convicted of any of the

enumerated felonies listed in section 948.30, Florida Statutes (2012).

The postconviction court agreed with Appellant on the merits, but nevertheless denied relief, concluding that although labeled as an "ORDER OF SEX OFFENDER PROBATION," the actual substance of the order indicated that the only conditions applicable to Appellant were those "generic" conditions contained in the first fourteen paragraphs that "cover all [probationary] circumstances." As for the remaining eighteen paragraphs of sex offender conditions contained within the order, the postconviction court reasoned that, with the exception of two of these sex offender conditions, the order made clear that the remaining sixteen sex offender conditions were applicable to sex offenses other than those for which Appellant was convicted.

We conclude that the postconviction court erred in not granting relief. Although we appreciate the need for efficiency in trial court proceedings, the one-size-fits-all probation order at use here impermissibly required Appellant to decipher which of the conditions apply by, among other things, researching particular statutes to determine if they apply to his circumstances. This does not give fair notice of what is expected of Appellant. *See Lawson v. State,* 941 So. 2d 485, 489 (Fla. 5th DCA 2006) (probation order should give fair notice of conduct that might result in violation). On remand, the trial court shall enter a new order that clearly delineates the conditions applicable to Appellant.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

PALMER and TORPY, JJ., and JACOBUS, B.W., Senior Judge, concur.